CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax:  (702) 960-4118
E-Mail: cjackson@lvattorneys.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CANDACE JOHNSON,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>WALMART, INC., a Foreign Corporation; WALMART APOLLO, LLC., a Foreign Corporation; CONAGRA BRANDS, INC., a Foreign Corporation; DOE MANUFACTURER; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 2:22-cv-00464-JCM-VCF<br><br>**STIPULATION AND ORDER TO ALLOW PLAINTIFF TO FILE AMENDED COMPLAINT** |

Plaintiff CANDACE JOHNSON, by and through his attorneys of record, and Defendants WALMART, INC., WALMART APOLLO, LLC and CONAGRA BRANDS, INC., by and through their attorneys of record, hereby stipulate as follows:

- That Plaintiff shall be permitted to file her Amended Complaint, attached hereto as Exhibit 1;
- That the parties agree that Plaintiff's Amended Complaint meets the requirements of FRCP 10(d) to substitute newly identified defendants in place of DOE I; and

///

///

- That the parties agree that Plaintiff's Amended Complaint meets the requirements of FRCP 15(a) and 15(c), such that the Amended Complaint shall relate back to the date of the filing of the original Complaint.

DATED this 12th day of July, 2022

**HICKS & BRASIER, PLLC**

/s/ Charles S. Jackson, Esq.
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
2630 S. Jones Blvd
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

DATED this 12th day of July, 2022

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/ Michael R. Smith, Esq.
Darrell D. Dennis, Esq.
Nevada Bar No. 6618
Michael R. Smith, Esq.
Nevada Bar No. 12641
6385 S. Rainbow Blvd, Suite 600
Las Vegas, NV 89118
*Attorneys for Defendant Conagra Brands, Inc.*

DATED this 12th day of July, 2022

**GRANT & ASSOCIATES**

/s/ Annalisa Grant, Esq.
Annalisa N. Grant, Esq.
Nevada Bar No. 11807
7455 Arroyo Crossing Parkway, Suite 220
Las Vegas, NV 89113
Facsimile:  (855) 429-3413
*Attorneys for Defendants Walmart, Inc. & Walmart Apollo, LLC*

*Case Name:* Candace Johnson vs. Conagra Brands, et. al.
*Case No.:* 2:22-cv-00464-JCM-VCF

**ORDER**

Based on the foregoing stipulation of the parties, and for good cause showing, IT IS SO ORDERED that Plaintiff shall be permitted to file the Amended Complaint attached hereto as Exhibit 1.

IT IS HEREBY ORDERED that Plaintiff must file the Amended Complaint on or before July 21, 2022.

Dated this 14th day of July 2022.

_____
U.S. MAGISTRATE JUDGE

Submitted by:

**HICKS & BRASIER, PLLC**

/s/ Charles S. Jackson, Esq.
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
2630 S. Jones Blvd.
Las Vegas, Nevada 89146

| | |
|---|---|
| **From:** | Grant, Annalisa N |
| **To:** | Mary Eagar |
| **Subject:** | RE: Johnson v Walmart / Case No. 2:22-cv-00464-JCM-VCF |
| **Date:** | Tuesday, July 12, 2022 8:15:37 AM |

Hi Mary,

You may add my e-signature.

Thank you!

Sincerely,

Annalisa N. Grant

**Annalisa N. Grant**
Managing Attorney, Grant & Associates
Staff Counsel
American International Group, Inc. (AIG)

7455 Arroyo Crossing Pkwy, Suite 220, Las Vegas, NV 89113
T (+1) 702.940.3567 | C (+1) 702.715.9522
annalisa.grant@aig.com | www.aig.com

**This email message and any attachments are confidential, intended only for the named recipient(s) and may contain information that is privileged attorney-client communications, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. In addition, please immediately delete or destroy all copies or versions you have of this message and notify the sender at (702) 940-3567 or Annalisa.Grant@aig.com in order that we may take steps to prevent any further inadvertent disclosures. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.**

---

**From:** Mary Eagar <mary@lvattorneys.com>
**Sent:** Monday, July 11, 2022 3:48 PM
**To:** Grant, Annalisa N <Annalisa.Grant@aig.com>
**Subject:** [EXTERNAL] FW: Johnson v Walmart / Case No. 2:22-cv-00464-JCM-VCF

This message is from an external sender; be cautious with links and attachments.

Good afternoon:

Sorry to bother you about this again, but the deadline to Amend Complaints is coming up on Wednesday, so we want to make sure to get this submitted.  Could you let me know if we can e-sign on your behalf?

Thanks,

| | |
|---|---|
| **From:** | Smith, Michael R. (LV) |
| **To:** | Mary Eagar; Dennis, Darrell; Grant, Annalisa N |
| **Cc:** | Charles Jackson |
| **Subject:** | RE: Johnson v Walmart / Case No. 2:22-cv-00464-JCM-VCF |
| **Date:** | Monday, July 11, 2022 12:14:15 PM |
| **Attachments:** | Logo_e6253148-26a1-47a9-b861-6ac0ff0bc3c4.png |

You can use my e-signature on the stipulation.

-Michael



**Michael R. Smith**
Partner
**Michael.R.Smith@lewisbrisbois.com**

T: 702.830.9017  F: 702.366.9563

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Mary Eagar <mary@lvattorneys.com>
**Sent:** Monday, July 11, 2022 11:58 AM
**To:** Dennis, Darrell <Darrell.Dennis@lewisbrisbois.com>; Smith, Michael R. (LV) <Michael.R.Smith@lewisbrisbois.com>; Grant, Annalisa N <annalisa.grant@aig.com>
**Cc:** Charles Jackson <cjackson@lvattorneys.com>
**Subject:** [EXT] Johnson v Walmart / Case No. 2:22-cv-00464-JCM-VCF

Good morning:

Attached please find the Stipulation and Order to Allow Plaintiff to file Amended Complaint and the Amended Complaint for your review.  Please let us know if you have any changes.  If you have no changes, please let us know if we can e-sign on your behalf.

We would also like to extend discovery by 90 days given the name of the new entity.  Please let us know if you are agreeable with the extension and we will prepare the Stipulation and Order.

Thanks,

**Mary Eagar
Paralegal**



2630 S. Jones Blvd. | Las Vegas, NV 89146
direct (725) 201-9129
tel (702) 628-9888 | fax (702) 960-4118

Confidentiality Notice: This message and any attachments are for the named person's use only. The message and any attachment may contain confidential, proprietary, or privileged information. No confidentiality or privilege is waived or

# EXHIBIT "1"

**ACOMP**
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
**HICKS & BRASIER, PLLC**
2630 S Jones Blvd.
Las Vegas, Nevada 89146
T: (702) 628-9888
F: (702) 960-4118
E-Mail: cjackson@lvattorneys.com
*Attorney for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CANDACE JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Foreign Corporation; WALMART APOLLO, LLC., a Foreign Corporation; HIGH LINER FOODS USA, INC., a Foreign Corporation; DOE MANUFACTURER; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**PLAINTIFF'S COMPLAINT** |

CANDACE JOHNSON (hereinafter "Plaintiff"), by and through his attorney of record, CHARLES S. JACKSON, ESQ., of HICKS & BRASIER, PLLC, complains and alleges against WALMART, INC and WALMART APOLLO, LLC. (collectively "Defendants"), as follows:

**GENERAL ALLEGATIONS**

1. That Plaintiff CANDACE JOHNSON (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2. That Defendant WALMART, INC (hereinafter referred to as "WALMART"), was and is a Foreign Corporation operating in the County of Clark, State of Nevada.

3. That Defendant WALMART APOLLO, LLC (hereinafter referred to as

1

1   "APOLLO"), was and is a Foreign Limited Liability Company operating in the County of Clark,
2   State of Nevada.
3       4.      That Defendant HIGH LINER FOODS USA, INC.. (hereinafter referred to as
4   "HIGH LINER"), was and is a Foreign Limited Liability Company operating in the County of
5   Clark, State of Nevada.
6       5.      That DOE MANUFACTURER is another farmer, manufacturer, or producer of
7   the Boneless Fish Fillets which are the subject of this action.
8       6.      That the true names and capacities of the Defendants designated herein as DOE or
9   ROE Business Entities are presently unknown to Plaintiff at this time, who therefore sues said
10  Defendants by such fictitious names.  When the true names and capacities of these defendants are
11  ascertained, Plaintiff will amend this Complaint accordingly.
12      7.      All of the acts and occurrences giving rise to this action took place in Clark County,
13  Nevada.
14      8.      Nevada courts hold personal jurisdiction over Defendants pursuant to its purposeful
15  contacts with the State of Nevada.
16      9.      Venue in the Eighth Judicial District Court in and for the County of Clark, State of
17  Nevada, is proper pursuant to NRS 13.040.
18      10.     That on, or about, January 11, 2020, Plaintiff purchased a box of Boneless Fish
19  Fillets of the Great Value brand from Defendant WALMART at 5200 S. Fort Apache Road, Las
20  Vegas, Nevada 89148.
21      11.     The Great Value brand is owned, operated, and marketed by Defendant APOLLO,
22  and produced by Defendant HIGH LINER.
23      12.     These Fish Fillets were manufactured, produced and/or farmed by Defendant DOE
24  MANUFACTURER.
25      13.     That Defendants designated herein as DOE or ROE Business Entities are other
26  owners, operators, managers, controllers, designers, maintenance providers, and/or otherwise
27  responsible for building and/or maintaining the subject Property.
28      14.     That, at all times pertinent, Defendants were agents, servants, employees, or joint

venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

15. On, or about, January 11, 2020, Plaintiff ate the Boneless Fish Fillets, but there was still a fish bone in the Boneless Fish Fillet (hereinafter referred to as the "Dangerous Condition").

16. The fish bone became lodged in Plaintiff's esophagus.

17. Defendant had notice that the subject Boneless Fish Fillets were likely defective prior to the subject incident.

18. Despite having notice that notice that the subject Boneless Fish Fillets were likely defective Defendants continued to place the subject Boneless Fish Fillets into the stream of commerce.

19. Defendants represented to consumers including Plaintiff that the subject Boneless Fish Fillets and similar products was a safe product free of fish bones which could cause injury

20. The subject Boneless Fish Fillets were purchased with the reasonable expectation that they were properly manufactured, free from defects of any kind and that they were safe for their intended, foreseeable use of eating.

21. As a result of the improper manufacturing of the Boneless Fish Fillets, Plaintiff sustained injuries.

22. At all materials times, Defendants by and through their agents, servants, workers, and/or employees, designed, manufactured, sold, distributed, modified, and/or assembled the subject Boneless Fish Fillets, and these Defendants distributed, advertised, and sold these Boneless Fish Fillets for general use by the public, including the Plaintiff.

23. When Defendants sold and/or distributed the Boneless Fish Fillets, they were expected to and did reach their eventual consumer, without substantial change in their condition.

24. At the time of the sale and distribution of the Boneless Fish Fillets by Defendants, they were in a defective condition, which defect was the proximate cause of the injuries and damages sustained by Plaintiff, and for which Defendants are strictly liable.

25. Plaintiff did not change or alter the condition of the Boneless Fish Fillets from the time of their purchase until the incident occurred on or about January 10, 2020.

26. That as a direct and proximate result of the acts complained of herein, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to Plaintiff's general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. That as a direct and proximate result of the acts complained of herein, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

28. That as a direct and proximate result of the acts complained of herein, Plaintiff has been required to, and has limited, occupational and recreational activities, which have caused, and shall continue to cause, Plaintiff a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

29. That as a direct and proximate result of the aforementioned actions of of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## **FIRST CAUSE OF ACTION**

**(Negligence)**

30. Plaintiff incorporates paragraphs 1 through 29 of the Complaint as though said paragraphs were fully set forth herein.

31. That Defendants were negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Boneless Fish Fillets.

32. Defendants owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

33. Defendants failed to take reasonable care in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Boneless Fish Fillets at a

time when there were safer alternative designs available to Defendants. These acts and omissions, taken simultaneously or in combination, were a legal cause of Plaintiff's injuries and damages.

34. The Boneless Fish Fillets were defective in that they failed to conform to safe product design and specifications of such boneless fish fillets, and their defective design failed to prevent the sudden and unexpected consumption of fish bones when used by the consumer according to the product's instructions.

35. The Boneless Fish Fillets were defective and unreasonably dangerous because there was a lack of adequate warnings, notices, and/or instructions that the product could contain fish bones. The Boneless Fish Fillets were also defective and unreasonably dangerous because they was manufactured from materials that were not suitable for this type of product and operation/use of the product under the reasonably anticipated conditions of consumer use. Each of these defects are independent proximate causes of Plaintiff's injuries and damages.

36. Defendants failed to exercise reasonable care in determining the accuracy of information to Plaintiff and failed to exercise reasonable care in communicating untrue information regarding the safety and functionality of the Boneless Fish Fillets, upon which Plaintiff relied.

37. The specific negligent manufacturing or design on the part of Defendants rests in facts that are within the knowledge of Defendants. Plaintiff further relied on the doctrine of *Res Ipsa Loquitor*. Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not happen in the absence of Defendants' negligence and that the design and manufacture of the Boneless Fish Fillets was within the exclusive control of Defendants at the time the negligence occurred.

38. Plaintiff had no control over the method or manner in which the product was designed, manufactured, or cautioned and it came to Plaintiff's possession in the same condition it was in when it left the control of Defendants.

39. Defendants were negligent in the design or manufacturing of the Boneless Fish Fillets, which negligence was the proximate cause of the injuries and damages sustained by Plaintiff.

40. As a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**SECOND CAUSE OF ACTION**

**(Breach of Warranty Against Defendants)**

40. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

41. The defect in the Boneless Fish Fillets does not conform to the merchantable condition impliedly represented by Defendants at the time that the Boneless Fish Fillets were sold and received by Plaintiff.

42. Defendants impliedly warranted to the public generally and to Plaintiff specifically that the Boneless Fish Fillets was of merchantable quality. Defendants were merchants with respect to the Boneless Fish Fillets and the Boneless Fish Fillets were not merchantable as warranted.

43. Defendants impliedly warranted to the public generally and to Plaintiff specifically that the Boneless Fish Fillets was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. Defendants knew, or reasonably should have known, of the purpose for which Plaintiff purchased the Boneless Fish Fillets, that Plaintiff was relying on Defendants' skill and judgment to select and furnish a suitable product, and that the Boneless Fish Fillets was unfit for the purpose for which it was intended to be used. Defendants' respective breaches of warranty, taken singularly or in combination, were a legal cause of the Plaintiff's injuries and damages.

44. As a direct and proximate result of the aforementioned breaches of warranty, Plaintiff suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## THIRD CAUSE OF ACTION

### (Strict Products Liability Against Defendants)

45. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

46. Defendants designed, researched, developed, manufactured, tested, advertised, promoted, marketed, labeled, sold, and/or distributed the Boneless Fish Fillets. The Boneless Fish Fillets, as designed, researched, developed, manufactured, tested, advertised, promoted, labeled, marketed, sold, and/or distributed by Defendants was in an unsafe, defective, and unreasonably dangerous condition which was hazardous to users. The Boneless Fish Fillets was in this unsafe condition at the time it left Defendants' possession.

47. The Boneless Fish Fillets was expected to, and did, reach the usual consumers (including Plaintiff), handlers, and persons coming into contact with the Boneless Fish Fillets without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Defendants.

48. The Boneless Fish Fillets was defective and unreasonably dangerous because there was a lack of adequate warnings, notices, and/or instructions.

49. Plaintiff was injured while using the Boneless Fish Fillets for their intended purpose, in accordance with the instructions that accompanied the product, and in a manner foreseeable to Defendants.

50. However, the Boneless Fish Fillets failed to perform as safely as an ordinary consumer would reasonably expect.

51. Defendants' failure to design, manufacture, market, **label,** and sell safe Boneless Fish Fillets was the proximate cause of Plaintiff's injuries and damages.

52. Additionally, as a direct and proximate result of Defendants' placement of the defective Boneless Fish Fillets into the stream of commerce, Plaintiff suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and

nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any.

53. Defendants knew or should have known that the Boneless Fish Fillets were defective and unsafe, especially when used in the form and manner they intended and demonstrated.

54. Defendants had a duty to design, manufacture, label, market, and sell a product that was not unreasonably dangerous for its normal, intended use.

55. Defendants knew or should have known that the Boneless Fish Fillets were defective and unsafe, and with this knowledge, Defendants voluntarily designed, manufactured, marketed, and sold their products in a defective condition for use by the public.  Because Defendants designed, researched, developed, manufactured, tested, advertised, promoted, marketed, labeled, sold and distributed a defective product, which when used in its intended or reasonably foreseeable manner, created an unreasonable risk to consumers and to Plaintiff, Defendants are strictly liable for the injuries Plaintiff sustained.

## FOURTH CAUSE OF ACTION

### (Violation of Nevada Consumer Protection Laws)

40. Plaintiffs incorporate the factual allegations set forth in the previous paragraphs as if fully set forth herein and further alleges as follows.

41. Pursuant to Nevada's Deceptive Trade Practices Act, codified at N.R.S., Chapter 598, specifically, N.R.S. 598.0915(5)(7) and (15), by reason of the conduct as alleged herein, and by inducing consumers of the Pressure Cooker including Plaintiff, through deception, fraud, false advertising, false pretenses, misrepresentations, unfair or deceptive practices, or a combination of these acts, and the concealment and suppression of material facts, including, but not limited to, fraudulent statements, concealments and misrepresentations identified herein and above.

42. Under N.R.S. 41.600(1), Nevada's Deceptive Trade Practices Act provides for a private cause of action may be brought by any person who is a victim of consumer fraud.

43. Defendant had notice that the Boneless Fish Fillets was likely defective with respect to the "lid safety interlock system" prior to the subject incident.

8

44. Despite having notice that notice that the subject Boneless Fish Fillets were likely defective Defendants continued to place the subject Boneless Fish Fillets into the stream of commerce.

45. Defendants made deceptive misrepresentations to consumers including Plaintiff that the Boneless Fish Fillets and similar models were safe and boneless.

46. The subject Boneless Fish Fillets were purchased with the reasonable expectation that it was properly designed and manufactured, free from defects.

47. Plaintiff relied on Defendant's material misrepresentation that the Boneless Fish Fillets were actually boneless when used for their intended purpose and/or foreseeably misused.

48. Without Defendant's above-mentioned material misrepresentation, Plaintiff would not have used the Boneless Fish Fillets, which caused her injuries.

49. As a direct and proximate result of Defendants' statutory violations, Plaintiff was damaged by Defendant, which would not have occurred had Defendant not used deception, fraud, false advertising, false pretenses, misrepresentations, unfair or deceptive practices, and the concealment and suppression of material facts to induce Plaintiff to use this product.

50. By reason of such violations, Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, loss of ability to earn money and other economic losses, and aggravation of previously existing conditions.  The losses are either permanent or continuing, and Plaintiffs will suffer the losses in the future.

WHEREFORE, Plaintiff, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general and special damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For reasonable attorney's fees and costs;
3. For interest at the statutory rate; and

///

4.   For such other relief as the Court deems just and proper.

DATED THIS 12th day of July, 2022.

HICKS & BRASIER, PLLC

_____
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
2630 S Jones Blvd.
Las Vegas, Nevada 89146
*Attorney for Plaintiff*
